**John C. WILLIAMS, Appellant**

v.

**Andrew CONSOVOY; Rolando Gomez–Rivera; Rachel Torres–Chowaniec; Ruby Washington; Don E. Gibbons; Kevin Mahoney; New Jersey State Parole Board, Appellees**

**Rachel Torres–Chowaniec; Ruby Washington, Appellants**

**John C. Williams, Appellant**

v.

**Andrew B. Consovoy; Rolando Gomez–Rivera; Rachel Torres–Chowaniec; Ruby J. Washington; Don E. Gibbons; Kevin Mahoney; New Jersey State Parole Board, Appellees**

No. 02–1587, 02–1648.

United States Court of Appeals,
Third Circuit.

Dec. 30, 2002.

Gregory A. Spellmeyer, Office of Attorney General of New Jersey, Richard J. Hughes Justice Complex, Trenton, for the Appellants/Cross Appellees.

Stephen M. Latimer, Loughlin & Latimer, Hackensack, for the Appellee/Cross Appellant.

Bench Opinion Before the Honorable BECKER, Chief Judge of the Third Circuit, the Honorable McKEE, the Honorable HILL, Senior Circuit Judges. (Proceedings recorded by electronic sound recording; transcript provided by AAERT-certified transcriber.)

ROSENN, Chief Circuit Judge.

(The following is the bench opinion of the Court in the above-captioned matter:)

THE HONORABLE JUDGE BECKER: I have communicated during the course of argument with my colleagues on the panel and I am now prepared to announce the judgment of the Court.

With respect to the direct appeal, we note that the matters which Mr. Williams alleges were administrative acts in fact are adjudicative, that do clearly merit immunity: Ordering a psychological profile, failing to check into Williams's prior criminal record before relying on it, and failing for eight months to correct Williams's lack of criminal record before revoking parole. We are satisfied that each of these acts are judicial in character and fall within *Cleavinger v. Saxner*, 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985).

And our case law, and I'll supply citations when I finalize this, which mandate that Torres–Chowaniec, T–o–r–r–e–s–C–h–o–w–a–n–i–e–c, and Washington are entitled to immunity with respect to those claims. Accordingly, we will reverse the judgment of the District Court and direct it to grant summary judgment for Torres and Washington on those new claims.

With respect to the cross appeal, we are satisfied that we have no jurisdiction over the cross appeal. There is no 54(b) certification here. The only alleged jurisdiction over the cross appeal is pendent appellate jurisdiction and we find that the *Heck v. Humphrey* issues raised by the cross appeal are not inextricably intertwined with the issues I have just described. In National Union Fire Insurance, we stated that pendent appellate jurisdiction over an otherwise unappealable order is available only to the extent necessary to ensure meaningful review of an appealable order. As Mr. Latimer honorably conceded during the argument, that is not the case here; we don't need to reach those vexing issues in order to decide the issues on the direct appeal.

I also note that we have Consovoy and Gibbons, claims against whom are alive in the District Court. So there is no final order in the District Court that would justify jurisdiction over what I describe as the *Heck v. Humphrey* claims, that is the claims against Consovoy and Rivera. And of course in Consovoy the case is very much alive. There was no judgment with respect to Consovoy in the District Court because he had not yet appeared, and neither has anything happened with respect to Gibbons. However, it should be for consolation to Mr. Williams that his case remains alive in the District Court and, who knows, the Supreme Court may do something on the *Heck v. Humphrey* issues to clarify what is a really a Delphic situation at best in terms of the jurisprudence.

So, we will enter an order dismissing the cross appeal for lack of appellate jurisdiction. This constitutes the opinion and judgment of the Court.

Judge McKee, do you have anything to add?

THE HONORABLE JUDGE McKEE: No.

JUDGE BECKER: Judge Hill?

THE HONORABLE JUDGE HILL: Nothing.

JUDGE BECKER: Very well. And the Clerk will arrange for a transcription of this bench opinion.

And we thank counsel for their able arguments and the panel will take a five-minute recess.

(Bench opinion concluded.)