

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-2006

# Shallow v. Rogers

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2566

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Shallow v. Rogers" (2006). *2006 Decisions.* Paper 283.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/283

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2566
_____

THOMAS J. SHALLOW,

Appellant

v.

THOMAS P. ROGERS, JUDGE;
COURT OF COMMON PLEAS;
RANDEE FELDMEN, ESQ.;
STEVEN COHEN, DR.;
ELIZABETH RICHMAN, DR.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cv-06227)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2006

BEFORE:  FISHER, CHAGARES and NYGAARD, CIRCUIT JUDGES.

(Filed October 27, 2006)

_____

OPINION

_____

PER CURIAM

Thomas J. Shallow filed a complaint in the United States District Court for the Eastern District of Pennsylvania. His complaint arises out of Shallow's ongoing child custody battle with his ex-wife in state court. Defendant Judge Thomas P. Rogers ordered Shallow to undergo a psychological evaluation by Defendant Dr. Steven Cohen. Shallow was found in civil contempt for failing to comply with the Court order. He was directed to pay his share of the evaluation fee ($2,500).

Shallow claims that he was forced to undergo this evaluation against his will. He claims that this forced evaluation violated his constitutional and civil rights. Shallow also brought suit against the Court of Common Pleas for failing to properly supervise Judge Rogers. Additionally, Shallow brought suit against Defendant Randee Feldmen, Esq.,[1] the attorney for Shallow's ex-wife, as well as Defendant Dr. Elizabeth Richman, a court-ordered psychologist for Shallow's children.

The District Court dismissed the complaint after finding that it lacked subject matter jurisdiction over the complaint pursuant to the Rooker-Feldman[2] doctrine. Alternatively, the District Court found that if the Rooker-Feldman doctrine did not apply, the complaint would still be dismissed for failing to state a claim pursuant to Federal Rule

---

[1]As noted by the District Court, the complaint lists this Defendant's name as Feldmen, even though it appears from the Defendants' briefs that her name is Feldman.

[2]The doctrine is derived from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

of Civil Procedure 12(b)(6). Shallow filed a timely notice of appeal. We will affirm based upon the District Court's alternative Federal Rule of Civil Procedure 12(b)(6) rationale.[3]

The Rooker-Feldman doctrine deprives a District Court of jurisdiction in some circumstances to review a state court adjudication. See Turner, 449 F.3d at 547. In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005), the United States Supreme Court emphasized the narrow scope of the Rooker-Feldman doctrine. It held that Rooker-Feldman "is confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." See id. at 484 (emphasis added). Because Shallow's complaint does not complain of injuries caused by the state court judgment regarding the custody battle, Rooker-Feldman is inapplicable. See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547-48 (3d Cir. 2006). Therefore, we will examine the District Court's alternative holding to determine whether the complaint was properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

_____

[3]We exercise plenary review over a District Court's application of the Rooker-Feldman doctrine. See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006). We also exercise plenary review over the grant of a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). See Williams v. Consovoy, 453 F.3d 173, 176-77 (3d Cir. 2006).

First, the District Court dismissed the claims against the Court of Common Pleas because it is not a "person" subject to suit under 42 U.S.C. § 1983. We agree. See Callahan v. City of Phila., 207 F.3d 668, 673 (3d Cir. 2000).

Second, the claims against Judge Rogers, and Defendants Cohen and Richman were dismissed pursuant to judicial immunity. Because the analysis differs with respect to these Defendants, they will be separately analyzed. With respect to Judge Rogers, a defendant judge is entitled to judicial immunity from suits under 42 U.S.C. § 1983 that seek money damages for actions performed in his judicial capacity. See Stump v. Sparkman, 435 U.S. 349 (1978). To determine whether an act falls within the range of judicial action, we consider the nature of the act itself, including whether it is a function normally performed by a judge, the expectations of the parties and whether they dealt with the judge in his judicial capacity. See id. at 362. There is no doubt that Judge Rogers' actions fell within the range of judicial action. See Figueroa v. Blackburn, 208 F.3d 435, 443 (3d Cir. 2000) (stating that holding an individual in contempt is an act normally performed by a judge). Thus, Rogers was judicially immune.[4]

The District Court also found that Cohen and Richman were entitled to judicial immunity. We agree. We have previously held that court-appointed evaluators are entitled to judicial immunity because of their integral relationship to the court. See

_____

[4]To the extent that Shallow sought injunctive and declaratory relief against Judge Rogers, the claims were also properly dismissed. See 42 U.S.C. § 1983; see also Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194 (3d Cir. 2000) (noting the impropriety of § 1983 suits against a judge where a judge acts as an adjudicator).

<u>Hughes v. Long</u>, 242 F.3d 121, 127 (3d Cir. 2001). Thus, it follows that Cohen and Richman, both court-appointed psychologists, are entitled to judicial immunity.

Finally, the District Court properly dismissed the claims against Feldmen. Under 42 U.S.C. § 1983, Shallow must show that Feldmen acted under color of state law and denied him a federally protected constitutional or statutory right. <u>Angelico v. Lehigh Valley Hosp., Inc.</u>, 184 F.3d 268, 277 (3d Cir. 1999)(citations omitted). Feldmen is a private attorney representing Shallow's ex-wife in a custody dispute. Shallow must allege some action by her that is "fairly attributable" to the state. <u>See</u> <u>id.</u> The complaint lacks any such allegations as Feldmen cannot be considered a state actor. Thus, the claims against Feldmen were properly dismissed.

In conclusion, we will affirm. The District Court was not barred by <u>Rooker-Feldman</u>. However, we determine that the District Court properly dismissed the complaint against all of the Defendants based upon its alternative reasoning pursuant to FED. R. CIV. P. 12(b)(6).