

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-27-2007

# Hess v. Chronister

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5056

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hess v. Chronister" (2007). *2007 Decisions.* Paper 540.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/540

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-5056
_____

WAYDE L. HESS,

Appellant

v.

JOHN H. CHRONISTER, Individually and in his
official capacity as president Judge of York
County Court of Common Pleas; GALE SMYERS,
Individually and in his official capacity as
York County Probation and Parole Officer;
MARK D. FETTERMAN, Individually and in his official
capacity as Lancaster County Assistant Attorney;
LANCASTER COUNTY DISTRICT ATTORNEY OFFICE;
LANCASTER COUNTY; YORK COUNTY ADULT PROBATION
DEPARTMENT; YORK COUNTY PUBLIC DEFENDER OFFICE;
YORK COUNTY CLERK OF COURTS; YORK COUNTY
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-02396)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
July 3, 2007

Before: SLOVITER, MCKEE and AMBRO, <u>Circuit</u> <u>Judges</u>

(Filed August 27, 2007)

_____

OPINION
_____

PER CURIAM

Wayde L. Hess, proceeding pro se, appeals from the District Court's dismissal of his claims against John L. Chronister, President Judge of the Court of Common Pleas of York County, and entry of summary judgment in favor of the remaining Appellees. For the reasons that follow, we will affirm.

Appellant filed the underlying lawsuit pursuant to 42 U.S.C. § 1983, naming as defendants Judge Chronister, Gale Smyers, a York County Probation and Parole Officer, Mark D. Fetterman, an Assistant District Attorney in Lancaster County, the York County Adult Probation Department, the York County Public Defender's Office, the York County Clerk of Courts, and York County.[1] The Magistrate Judge set out the factual background on pages 9-13 of its March 24, 2006 Report & Recommendation. Because we write primarily for the parties, we will not repeat that information here.

In his complaint, Appellant claimed that Appellees Chronister, Smyers and Fetterman conspired to deprive him of his Fourth, Sixth, Eighth and Fourteenth Amendment rights by holding him on a detainer without ever notifying him of the charges against him or holding a parole revocation hearing, and that they committed the common law torts of malicious prosecution and abuse of process. He maintained that the York

_____

[1]Appellant also named the Lancaster County District Attorney's Office and Lancaster County as defendants, but stipulated to their dismissal on December 8, 2005.

2

County Adult Probation Department failed to rescue, unreasonably seized, and/or falsely imprisoned him without probable cause or procedural due process in violation of the Eighth and Fourteenth Amendments, that the York County Clerk of Courts deprived him of his right of access to the courts by refusing to docket his pro se petition for a writ of habeas corpus, and that the York County Public Defender's Office failed to rescue him and denied him access to the courts by refusing to represent him while he was indigent and incarcerated in York County Prison. Finally, he alleged that York County was liable for "ratifying and condoning [the] official policies, customs and usages" of the York County Adult Probation Department, the York County Clerks of Courts, and the York County Public Defender's Office. Appellant sought compensatory and punitive damages and injunctive relief in the form of an order that all defendants "take any actions necessary to achieve reinstatement of plaintiff to his previous employment."

On January 19, 2005, the District Court entered an order holding that Judge Chronister was entitled to absolute immunity from Appellant's claims for monetary damages and that his claims for injunctive relief were barred by 42 U.S.C. § 1983. Accordingly, the Court dismissed Appellant's claims against Judge Chronister. The Court denied the remaining Appellees' motions to dismiss, holding that Appellant had pled sufficient facts to state a claim against Smyers, the York County Adult Probation Department, the York County Public Defender's Office, the York County Clerk of Courts and York County (collectively "the York County Appellees"), and that, based upon the facts alleged by Appellant regarding the March 8, 2001 telephone conversation between

3

Fetterman and Smyers, Fetterman was not entitled to prosecutorial immunity.[2]

Following a period of discovery, both the York County Appellees and Fetterman moved for summary judgment, which was granted by the District Court on November 14, 2006. The Court held that the use of a detainer to hold Appellant in continuous custody on the basis of new criminal charges without affording him a parole revocation hearing, or even providing him with notice of the charges against him, raised procedural due process concerns. Nonetheless, the Court concluded that the record developed during discovery revealed that, because the Appellees were acting pursuant to a valid detention order issued by Judge Chronister, none of them could be deemed to have violated the clearly established right of Appellant to notice or a hearing, and accordingly, all were entitled to qualified or quasi-judicial immunity. In the alternative, the Court held that

---

[2]Appellant alleged that Fetterman called Smyers on March 8 and requested that Smyers keep Appellant incarcerated until he could be brought to trial on the arson and related charges in Lancaster County, thereby initiating a conspiracy against Appellant. Smyers' notes regarding this conversation, produced during discovery, are as follows:

> [R]eceived a call from Vuc Castellano of York Co Sheriff's Dept. Lancaster Co. Prison has called him saying that the D is available and they are ready to release him. Do we still want him on our detainer. Attempted to determine status of pending charges through the Lancaster COC. . . . could not find info as to disposition or status, called Lancaster County DA's office. Attorney Mark Fe[tt]erman is handling the case. He reports that there [were] rule 1100 problems and they have to release the defendant from incarceration due to the length of time. The charges are still pending and they have 6 months to go to bring D to trial. I advised him we will keep our detainer in place to insure he does not make the street due to the severity of charges and he will be able to find the D at York Co. Prison. Advised him also of the fact we will have to remove our detainer in July 2001 at latest so they need to bring him to trial before then.

Appellees "lacked involvement in the alleged civil rights violations, and that the entirety of [Appellant's] claims relate to the decision of Judge Chronister to detain [Appellant] to serve the duration of his one-year sentence for DUI after it was determined, with little or no process, that [Appellant] had violated the terms of his parole." With respect to Appellant's claims against the York County Clerk of Court, the District Court held that the record contained no evidence that Appellant ever attempted to file a habeas corpus petition pro se, and that even if he had, the Clerk of Court would have been entitled to qualified immunity on this claim, as the Clerk would have been acting in accordance with Rule 576 of the Pennsylvania Rules of Criminal Procedure then in effect.[3]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review both the District Court's determination that Judge Chronister was entitled to absolute judicial immunity, and its grant of summary judgment to the remaining Appellees, de novo. See Figueroa v. Blackburn, 208 F.3d 435, 439 (3d Cir. 2000).

Appellant maintains that the District Court erred in concluding that all of the Appellees were entitled to either qualified or quasi-judicial immunity in both their individual and their official capacities. We need not reach this issue, as we conclude that all of Appellant's § 1983 claims regarding his detention for violation of the terms of his parole without a hearing or notice of the charges against him are barred by Heck v.

_____

[3]At the time of Appellant's alleged filing, Rule 576 required that the clerk refrain from docketing or recording any filing submitted pro se by a plaintiff represented by counsel, but instead forward any such filing to the plaintiff's attorney. As the District Court noted, that rule was revised on March 3, 2004 to require that such a filing be time stamped, docketed and filed, and a copy, rather than the original, sent to the plaintiff's attorney.

5

Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a § 1983 plaintiff may not recover damages for an allegedly unconstitutional confinement if judgment in favor of the plaintiff on the § 1983 claims would necessarily imply the invalidity of his confinement. See id. at 486-87. Here, any success for Appellant on his claims for monetary or injunctive relief would necessarily imply that his confinement was invalid. See id.; see also Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (holding that plaintiff may not proceed with § 1983 claim, even if he is no longer in custody). Accordingly, Appellant's claims cannot proceed absent a showing that his detention was previously declared invalid, such as through a petition for a writ of habeas corpus. Because Appellant failed to appeal Judge Chronister's denial of his habeas petition through the state courts, nor did he file a federal habeas petition while in state custody, he cannot make such a showing. Accordingly, we will affirm the entry of summary judgment in favor of Appellees on these claims. Additionally, for the reasons expressed by the District Court, we will affirm its dismissal of all claims against Judge Chronister, and its entry of summary judgment against the York County Public Defender's Office and the York County Clerk of Courts.[4]

---

[4]We note that the District Court did not address Appellant's state law claims of malicious prosecution or abuse of process. We note, however, that both of these claims require a favorable termination on the merits, an element which, as set forth above, Appellant is unable to demonstrate. See McArdle v. Tronetti, 961 F.2d 1083, 1088 (3d Cir. 1992).