

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-20-2007

# Royal v. Durison

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1036

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Royal v. Durison" (2007). *2007 Decisions.* Paper 206.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/206

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1036
_____

HOZAY ROYAL
also known as
CHARLES JOHNSON

v.

ROBERT DURISON;
VIVIAN T. MILLER*

Hozay Royal,
            Appellant

(*Dismissed pursuant to Order of 5/29/07)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cv-04441)
District Judge:  Honorable Eduardo C. Robreno
_____

Argued October 3, 2007
Before:  McKEE, BARRY and FISHER, *Circuit Judges*.

(Filed:  November 20, 2007)

Theodore P. Metzler (Argued)
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004
        *Attorney for Appellant*

Elise M. Bruhl (Argued)
Mia Carpiniello
City of Philadelphia
Law Department
1515 Arch Street
One Parkway, 17th Floor
Philadelphia, PA 19102
     *Attorneys for Appellee*

_____

OPINION OF THE COURT

_____

FISHER, *Circuit Judge*.

Hozay Royal instituted this lawsuit pursuant to 42 U.S.C. § 1983, seeking monetary damages from certain Pennsylvania officials for failure to recalculate his sentence and to credit him with time served prior to his original sentence. He argues that the government's alleged inaction violated his right to due process and the prohibition on cruel and unusual punishment. He also argues that the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar his claim. For the reasons that follow, we disagree and will affirm the order of the District Court on the alternative grounds that Royal's claim is barred by *Heck*.

**I.**

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

2

On July 31, 2003, Hozay Royal filed a § 1983 claim against defendants Robert Durison and Vivian Miller (both Philadelphia County officials). The claim alleged that the defendants violated Royal's Eighth and Fourteenth Amendment rights by failing to respond properly to his claim that he had not been credited for time served prior to sentencing, causing him to serve a sentence in excess of the maximum statutory term. On May 27, 2004, the District Court granted summary judgment for the defendants on the substantive claims. Royal filed a timely appeal, and on April 21, 2005, we issued an order directing the parties to address whether *Heck v. Humphrey*, 512 U.S. 477 (1994), which was not relied upon in the District Court's opinion, barred Royal's claim as a threshold matter. Following argument before this Court on October 3, 2007, we hold that *Heck* does, in fact, bar Royal's claim.

## II.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over questions of law. *See*, *e.g.*, *Epstein Family P'ship v. Kmart Corp.*, 13 F.3d 762, 765-66 (3d Cir. 1994). We are permitted to affirm the District Court on any grounds with factual support in the record, *Nicini v. Morra*, 212 F.3d 798, 805 (3d Cir. 2000) (en banc), and may affirm the District Court's order "on grounds different than those used by the lower court in reaching its decision." *Erie Telecomms. v. Erie*, 853 F.2d 1084, 1089 n.10 (3d Cir.1988).

## III.

In *Heck*, the Supreme Court announced that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must, as a threshold matter, show that there has been a "favorable termination" of his prior proceedings by demonstrating that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. As the United States Court of Appeals for the Second Circuit has explained, the Supreme Court's rationale in *Heck* "was based, in part, on a desire to 'avoid[] parallel litigation over the issues of probable cause and guilt,' prevent 'the creation of two conflicting resolutions arising out of the same or identical transaction,' and preclude 'a convicted criminal defendant [from making a] . . . collateral attack on the conviction through the vehicle of a civil suit.'" *Huang v. Johnson*, 251 F.3d 65, 73 (2d Cir. 2001) (quoting *Heck*, 512 U.S. at 484). As the Supreme Court further elaborated in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), a § 1983 claim filed by a state prisoner is barred, regardless of the target of the lawsuit, if success in the § 1983 action "would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 82. Royal does not allege that his prior proceedings were favorably terminated, and therefore

he must show that success on the instant claim would not necessarily "demonstrate the invalidity" of his incarceration in a legally cognizable manner.

Royal's first claim is that his Eighth Amendment rights were violated when he "was incarcerated for more than six months in excess of the maximum sentence allowed under Pennsylvania law[.]" (Appellant's. Br. 17). Even if true, this claim is not cognizable under *Heck*. Were we to hold that the Commonwealth of Pennsylvania did, in fact, incarcerate Royal beyond the statutory maximum, we would necessarily be holding that the "confinement or its duration" was invalid in violation of the favorable termination requirement announced in *Heck*. *Id.*

Royal's second claim is that his due process rights were violated when defendants failed to properly investigate his allegation that his time served had been improperly calculated. Royal contends that had defendants "meaningfully and expeditiously considered" these allegations, they would have discovered documents showing that his time had been improperly calculated. Royal alleges that this claim is not barred by *Heck*, because he is not calling into question the validity of the sentence or the conviction, but rather just the calculation of time served. This argument is unavailing. In *Williams v. Consovoy*, 453 F.3d 173 (3d Cir. 2006), we held that a state prisoner's claim – that prison authorities failed to adequately investigate his likelihood of recidivating, leading to a denial of his parole – was barred by *Heck*. *Id.* at 177. Although Royal attempts to distinguish *Williams* on the ground that "the conduct Williams challenged, if proved true,

5

would have resulted in a ruling that he should never have been returned to prison" (Appellant's Br. 31), there is no indication in the opinion that *Heck* only bars claims that, if established, would invalidate an entire sentence, rather than simply part of a sentence. *See*, *e.g.*, *Heck*, 512 U.S. at 482-83 (discussing the application of the doctrine in the context of a prisoner's deprivation of good-time credits, not the entirety of his sentence).

Finally, Royal argues that *Heck* should not apply in this case because he cannot, at this point, file a habeas petition to challenge any aspect of his incarceration. While several Courts of Appeals have concluded that *Heck*'s favorable termination requirement does not apply to a prisoner no longer in custody,[1] we have expressly declined to adopt this rule. *Williams*, 453 F.3d at 177-78. Since Royal has therefore not established the favorable termination requirement, his § 1983 claim cannot go forward.

## IV.

For the foregoing reasons, we will affirm the order of the District Court on the alternate grounds that it is barred by *Heck*.

---

[1]*See*, *e.g.*, *Huang*, 251 F.3d at 74; *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396 (6th Cir. 1999); *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000).