

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-3-2008

# Stewart v. City of Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4545

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Stewart v. City of Philadelphia" (2008). *2008 Decisions.* Paper 1478.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1478

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-106                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4545

DONALD STEWART,
                                        Appellant

v.

CITY OF PHILADELPHIA
(A SUBDIVISION OF THE
COMMONWEALTH OF PENNSYLVANIA);
BRENDA BERRY, ESQ.
(ASSISTANT DISTRICT ATTORNEY
IN PHILADELPHIA);
VINCENT FIORENTINO,
(SUPERVISOR OF PHILADELPHIA
PROBATION DEPARTMENT);
PETER DAVIS,
(PROBATION OFFICER OF
PHILADELPHIA PROBATION DEPARTMENT);
DIANNE GRANLUND,
(PRISON POPULATION MANAGER,
C.F.C.F. COUNTY PRISON);
JOHN DOE,
(SUPERINTENDENT OF CURRAN-FROMHOLD
CORRECTIONAL FACILITY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 05-cv-05412)
District Judge:  Honorable Anita B. Brody

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 17, 2008

Before:    AMBRO, FUENTES and  JORDAN, <u>Circuit Judges</u>

(Opinion filed: March 3, 2008)

———————

OPINION

———————

PER CURIAM

Appellant, Donald Stewart, appeals from the orders of the United States District Court for the Eastern District of Pennsylvania granting Appellees' motion for summary judgment.   We conclude that the District Court properly granted summary judgment. Because this appeal presents no substantial question, we will summarily affirm the District Court's orders.  <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.

Stewart filed a complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when Appellees conspired to illegally keep him in prison.   In March 2003, while on probation, Stewart was arrested for charges unrelated to his probation.  Stewart's bail was set in the amount of fifty thousand dollars and he was remanded into custody.  On April 9, 2003, during his probation violation hearing, Stewart asserts that Appellees misrepresented the status of his probation in order to have a detainer lodged against him.  The state court issued the detainer and Stewart remained in custody until October 14, 2003, when his detainer was finally lifted.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the District Court's order granting summary judgment is plenary.  <u>Kreimer v. Bureau of Police for the</u>

2

Town of Morristown, 958 F.2d 1242, 1250 (3d Cir. 1992). Summary judgment may be granted only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We will summarily affirm a district court's order if an appeal presents no substantial question. See I.O.P. 10.6.

It is well settled that "in order to recover damages for allegedly unconstitutional . . . imprisonment . . ., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Furthermore, "a state prisoner's § 1983 action is barred (absent prior invalidation)- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

The District Court concluded that Stewart's action necessarily demonstrates the invalidity of his confinement because his complaint asserts that his confinement *was* the violation of federal law. See Heck v. Humphrey, 512 U.S. 477 (1994); Wilkinson, 544 U.S. 74. We agree. Here, the success of Stewart's § 1983 action would necessarily imply the invalidity of his confinement. See Heck, 512 U.S. 477; see also Williams v.

3

Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (holding that a plaintiff may not proceed with a § 1983 claim even if he is no longer in custody). Accordingly, Stewart's claims may not proceed absent a showing that his detention was previously declared invalid. Stewart has failed to produce any evidence showing that his period of confinement was judicially invalidated through any available state or federal remedy. Accordingly, he may not attack the legality of his confinement via a § 1983 action.

Because this appeal presents no substantial question, we will summarily affirm the District Court's orders. See Third Circuit LAR 27.4 and I.O.P. 10.6. Stewart's motion for appointment of counsel is denied.