**Wayne A. DREIBELBIS, Jr., Appellant,**

v.

**Todd SCHOLTON, State College Police Dept.; Mark Argiro, State College Police Dept.; Eric Lesher, State College Police Dept.; Richard Ososkie, State College Police Dept.**

No. 06–4468.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 23, 2007.

Filed: April 11, 2008.

Michele J. Thorp, Thomas, Thomas & Hafer, Harrisburg, PA, J. Michael Considine, Jr., West Chester, PA, for Appellant.

Michele J. Thorp, John Flounlacker, Thomas, Thomas & Hafer, Harrisburg, PA, for Todd Scholton, State College Police Dept.; Mark Argiro, State College Police Dept.; Eric Lesher, State College Police Dept.; Richard Ososkie, State College Police Dept.

Before: SLOVITER, CHAGARES and HARDIMAN, Circuit Judges.

## OPINION OF THE COURT

CHAGARES, Circuit Judge.

Plaintiff Wayne A. Dreibelbis, Jr., appeals the District Court's dismissal of his complaint for failure to state a claim and on qualified immunity grounds. Dreibelbis's claims arise from two incidents involving himself and several officers of the State College Police Department. For the following reasons, we will affirm the District Court's judgment.

## I.

As we write mainly for the parties, we only briefly recite the facts, accepting plaintiff's allegations as true and drawing all reasonable inferences in his favor. *Yarris v. County of Delaware*, 465 F.3d 129, 132 n. 1 (3d Cir.2006) (*citing Torisky v. Schweiker*, 446 F.3d 438, 442 (3d Cir. 2006)). Dreibelbis instituted this action against Officers Scholton, Argiro, Lesher, and Ososkie—in their individual capacities—stemming from two incidents. During the first, Dreibelbis was videotaping a custody transfer involving his daughter

and his ex-wife when his ex-wife called the police. According to Dreibelbis, Officers Scholton and Argiro arrived at the scene, ordered him to turn off the videocamera, grabbed the camera with "significant force ... threw it approximately 15 feet onto the hood of the police car, and arrested [him] for a violation of a Protection from Abuse Order." Appendix (App.) 14. Though the camera was returned to Dreibelbis that day, he claims that Officers Scholton, Ososkie and/or Argiro destroyed the videotape sometime between October 24, 2004 and July 31, 2005. Moreover, Dreibelbis contends that the tape contained footage relevant to whether he violated the Protection from Abuse Order (PFA).

On another occasion, when Dreibelbis was scheduled for visitation with his daughter, Dreibelbis's ex-wife again called the police. As a result, Officer Lesher came to Dreibelbis's house. When Dreibelbis "started to videotape his conversation with Defendant Lesher that day and informed Lesher that it was being videotaped, Defendant Lesher told him that he could not videotape their conversation ... because it was a 'third degree felony' to tape record and record using both audio and video." App. 10. From these incidents, Dreibelbis alleges violation of his First Amendment rights based on retaliation for his videotaping, as well as violation of his Fourteenth Amendment rights under a denial of access theory, claiming that the officers denied him the ability to produce the video at his trial for violation of the PFA.[1]

The District Court granted defendants' motion to dismiss these claims, finding, *inter alia*, that Dreibelbis's speech was

---

1. Insofar as Dreibelbis attempts to raise further claims on appeal, such claims are considered waived. *See Brenner v. Local 514, United* *Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1298 (3d Cir.1991).

unprotected as it was not a matter of "public concern." The Court later denied Dreibelbis's motion for reconsideration, explaining that he had failed to contest defendants' public concern argument, despite ample opportunity to do so.

## II.

■ Dreibelbis's First Amendment retaliation claim—that the officers harassed and intimidated him for exercising his right to videotape and for complaining about defendants' conduct—was properly dismissed. Dreibelbis contends that the District Court erred by applying the public concern requirement to his speech. As mentioned above, the District Court found that Dreibelbis had ample opportunity to make this argument in response to defendants' motion to dismiss and failed to do so. Accordingly, the District Court exercised sound discretion when it refused to consider an argument that, in effect, had been waived. *See Confer v. Custom Eng'g Co.*, 952 F.2d 41, 44 (3d Cir.1991); *see also Laborers' Intern. Union of N. Am., AFL–CIO v. Foster Wheeler Energy*, 26 F.3d 375, 398 (3d Cir.1994).

## III.

■ Dreibelbis's second claim—that the officers' failure to return his videotape deprived him of important evidence that he could have used at his contempt hearing—was also properly dismissed. Denial of access claims such as Dreibelbis's "generally fall into two categories. The first type of claim alleges that some official action is currently preventing the plaintiff from filing a suit at the present time.... In the second category of cases, the plaintiff looks backward and alleges that some past wrongful conduct influenced a litigation opportunity such that the litigation 'ended poorly or could not have commenced, or could have produced a remedy subsequent-

ly unobtainable.'" *Gibson v. Superintendent of N.J.*, 411 F.3d 427, 441–42 (3d Cir.2005) (*quoting Christopher v. Harbury*, 536 U.S. 403, 412–14, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002)). Dreibelbis's denial of access claim—that past police misconduct caused his PFA hearing to end poorly—is clearly of the latter type. In such situations, *Heck v. Humphrey* provides that "a [42 U.S.C.] § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Gilles v. Davis*, 427 F.3d 197, 209 (3d Cir.2005) (*citing Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)). The "threshold question becomes whether [plaintiff's] success on his § 1983 action would 'necessarily demonstrate' the invalidity" of his contempt conviction. *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir.2006). As Dreibelbis contends that the defendants frustrated his right to access the courts by suppressing evidence that would have enabled him to demonstrate that he had not violated the PFA, his Section 1983 action necessarily demonstrates the invalidity of the contempt conviction, and thus may not be maintained under *Heck*. *See Konopka v. Borough of Wyoming*, 383 F.Supp.2d 666, 676 (M.D.Pa.2005) (finding that plaintiff's allegations "that defendants have frustrated his right to access the courts by suppressing evidence" may not be maintained until the underlying conviction is invalidated). Accordingly, the Court properly dismissed the claim.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.