

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-30-2008

# Schlichten v. Northampton

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4126

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Schlichten v. Northampton" (2008). *2008 Decisions.* Paper 1098.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1098

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4126

———————

DIANA VON SCHLICHTEN;
ERIC VON SCHLICHTEN,

Appellants

v.

COUNTY OF NORTHAMPTON; EDWARD G. SMITH; WILLIAM F. MORAN,
JUDGES OF THE COURT OF COMMON PLEAS, OFFICIALLY; JOHN
MORGANELLI, DISTRICT ATTORNEY OF NORTHAMPTON COUNTY,
OFFICIALLY; DWIGHT DANZER, FROM THE OFFICE OF THE PUBLIC
DEFENDER, NORTHAMPTON COUNTY; TERRY TRIGIANI, MAIN STAY GROUP
HOME aka MAIN STAY NORTH GROUP HOME OF RESOURCES FOR HUMAN
DEVELOPMENT, INC.; MAIN STAY GROUP, RESOURCES FOR HUMAN
DEVELOPMENT, INC., aka MAIN STAY NORTH GROUP HOME

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. No. 06-cv-01028
(Honorable Juan R. Sanchez)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 27, 2008

Before: AMBRO, FUENTES and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 30, 2008)

———————

OPINION

———————

PER CURIAM

Diana and Eric Von Schlichten appeal, pro se, from an order of the district court dismissing their 42 U.S.C. § 1983 complaint. For the reasons that follow, we will affirm.

I.

The parties' familiarity with the facts and procedural history is assumed. To summarize, in March 2004 Eric Von Schlichten was arrested and charged with indecent exposure and disorderly conduct for an incident occurring at his school with a female student.[1] He was placed in a group home for a year and a half as a condition of restrictive bail, after a previous three-month stay at Northampton County Prison, before his charges were pled down to disorderly conduct and he was sentenced to time served in September 2005. In May 2006, Eric, and his mother Diana, asserted in a civil rights complaint, filed in the United States District Court for the Eastern District of Pennsylvania under 42 U.S.C. § 1983, that all of the parties involved in his case—two judges, the district attorney, the county of Northhampton, the public defender, and Main Stay (the group home to which Eric was assigned)—had violated Eric's constitutional rights. These defendants, in turn, all filed motions to dismiss the case under the auspices of either Federal Rule of Civil Procedure 12(b)(6) or Rule 12(c).

---

[1] The record reveals that Eric, an individual with developmental disabilities, has a history of criminal sexual offenses. At the time of his offense at the school, Eric was on probation for harassment.

In an order entered on September 21, 2007, the district court granted these motions to dismiss holding, that: the judges and district attorney named in the complaint were all entitled to absolute immunity; Northampton County had not engaged in any injurious official policy or practice; the public defender was not a state actor for the purposes of the § 1983 claim; and Main Stay, even if arguably a state actor, was entitled to absolute immunity because it was merely following the terms of a facially valid court order. After filing an unsuccessful motion to reconsider in the district court, appellants filed a timely notice of appeal.

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of a Rule 12 dismissal for failure to state a claim upon which relief may be granted and of a Rule 12(c) dismissal based on a motion for judgment on the pleadings. See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001) (Rule 12(b)(6)); see also Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir. 2002) (Rule 12(c)).

III.

We will affirm for substantially the same reasons set forth in the district court's opinion. First, the district court correctly determined that judges enjoy absolute judicial immunity for conduct pursuant to their role as judicial officers. See Stump v. Sparkman, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural

-3-

errors."); see also Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194 (3d Cir. 2000) (noting the impropriety of § 1983 suits against a judge where a judge acts as an adjudicator). Appellants here failed to set forth any facts that would show that the judicial defendants' actions were taken in clear absence of their jurisdiction. Second, prosecutors sued for malicious prosecution under § 1983 enjoy absolute immunity for their conduct in "initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 431 (1976); see also Williams v. Consovoy, 453 F.3d 173, 178 (3d Cir. 2006) (observing that courts apply absolute prosecutorial immunity using a functional approach that focuses on the purpose served by the acts for which immunity is sought).

Third, in order for the Northampton County to be liable under § 1983, appellants were required to show that it had an established policy or custom that resulted in the alleged constitutional violations at issue. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Appellants failed to identify any such customs or policies. Fourth, generally, a public defender is not a state actor for the purposes of § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his function as counsel). Fifth, an "action taken pursuant to a facially valid court order receives absolute immunity from § 1983 lawsuits for damages." Hamilton v. Leavy, 322 F.3d 776, 782-83 (3d Cir. 2003). Thus, Main Stay cannot be held liable here. Lastly, the complaint

-4-

offered only conclusory allegations concerning an alleged conspiracy among the defendants. See Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989) (requiring a conspiracy charge to be pled with specificity).

Moreover, as the district court also determined, to the extent that appellants' claims imply the invalidity of the conviction and sentence, they are not cognizable under § 1983 absent a showing that the conviction or sentence has been overturned or otherwise invalidated. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Williams, 453 F.3d at 177 (holding that plaintiff may not proceed with § 1983 claim, even if he is no longer in custody).

IV.

We have thoroughly reviewed appellants' remaining arguments and find them to be meritless.[2] Accordingly, appellants' claims here were properly dismissed and we will affirm the judgment of the district court.

---

[2] The district court also did not abuse its discretion in denying the motion for reconsideration. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).