**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 12-4043

———————

JOSE FREMONDE XENOS, Appellant

v.

PAUL SINGLEY, INTENSIVE SUPERVISION COUNTY PROBATION OFFICER;
MARIE D. BARTOSH, CHIEF ADULT PROBATION OFFICER; NORTHAMPTON
COUNTY DEPARTMENT OF ADULT PROBATION; COUNTY OF
NORTHAMPTON

———————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-11-cv-01550)
District Judge:  Honorable Berle M. Schiller

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 26, 2013

Before: SCIRICA, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 29, 2013)

———————

OPINION

———————

PER CURIAM

Jose Xenos appeals the District Court's order granting Appellees' motion to

dismiss his complaint.  For the reasons below, we will affirm the District Court's order.

In August 2007, Xenos pleaded nolo contendere in Northampton County to forgery. He was sentenced to three to eighteen months in prison and twenty-four months of county probation. The judge also ordered that he not have contact with the two victims. Xenos was then released to parole. According to the state court's docket, on June 23, 2008, a Petition for Review of Parole was filed. Xenos was subsequently arrested on September 2, 2008, and a Gagnon I hearing was held.[1] Xenos was released, and it was noted on the docket that any violations would result in a bench warrant. On March 5, 2009, Appellee Singley filed a petition for review of Xenos's parole. He stated that Xenos had violated the technical conditions of his parole. The court held Gagnon I and II hearings. On March 25, 2009, the sentencing judge, based on the findings and recommendation of a doctor, ordered Xenos committed to a mental hospital for an evaluation to determine or restore competency. On September 11, 2009, Xenos was released.

On September 18, 2009, Singley informed the sentencing court that Xenos had violated the conditions of his supervision by failing to contact the Adult Probation Department. The sentencing court signed an order for Xenos's arrest, and he was arrested on September 21, 2009. The next day, the court vacated the warrant and released

---

[1] In Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973), the Supreme Court held that "a probationer, like a parolee, is entitled to a preliminary and final revocation hearing under the conditions specified in Morrissey v. Brewer, [408 U.S. 471 (1972)]."

Xenos. In November 2009, Xenos's case was closed because he had been compliant for sixty days.

In his complaint, Xenos asserts that he was unlawfully put on probation and unlawfully arrested three times: September 2, 2008, March 3, 2009, and September 21, 2009. He contended that Northampton County and its Department of Adult Probation failed to train their personnel. Appellees filed a motion to dismiss on the ground that Xenos had failed to state a claim. The District Court determined that Xenos failed to state a claim against Appellee Singley for unlawful probation supervision or unlawful arrest or against Appellee Bartosh for supervisory liability. It also concluded that Xenos failed to state a claim against Northampton County and its Department of Adult Probation for failure to train its personnel. Xenos filed a timely notice of appeal.

We have jurisdiction under 8 U.S.C. § 1291 and review the District Court's order granting the motion to dismiss de novo. Dique v. New Jersey State Police, 603 F.3d 181, 188 (3d Cir. 2010). On appeal, Xenos challenges the validity of his conviction, sentence, and parole and probation violations. As noted by the District Court, these claims are barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994) (civil action that would impugn a criminal conviction if successful cannot be maintained until that conviction is invalidated); see also Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (holding that Heck bars challenge to parole revocation).

Xenos argues on appeal that only a sentencing judge may set conditions for parole and the probation officers should have known that they cannot set the conditions.[2] He alleged that he was unlawfully arrested for a technical parole violation. However, as noted above, Xenos has not shown that any of the determinations that he violated his probation or parole have been invalidated. He has not argued that he did not receive the hearings to which he was entitled.

We agree with the District Court that Xenos failed to state a claim. For the reasons above, we will affirm the District Court's order.

---

[2] Attached to a petition for rehearing in a separate appeal, C.A. No. 08-1699, Xenos submitted a copy of the petition he filed in August 2007 for release to parole. He agreed that he would abide by all the rules and conditions laid down for his conduct by the Probation Office.