BLD-352                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1463
_____

BERNARD WILLIAMS,
                                                    Appellant

v.

KIMBERLY A. BARKLEY,
Individual & Official Capacity

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-14-cv-01600)
District Judge:  Honorable James M. Munley

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 23, 2015
Before:  AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 30, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Bernard Williams, a state-court prisoner, appeals the District Court's order dismissing his civil rights lawsuit brought pursuant to 42 U.S.C. § 1983. We will affirm.

Williams filed suit against the Secretary of the Pennsylvania Board of Probation and Parole. His complaint alleged that he was sentenced to serve two to four years for a state-court conviction in 2008. After he was released on parole in 2010, he was arrested and convicted of a new offense. Thereafter, the parole board extended the maximum date for his original conviction to June 22, 2013—this calculation included the eighteen months he was out of prison on parole. Williams alleged that this sentencing calculation violated his rights against double jeopardy, as he has "been twice punished for the same crime." He requested compensation for the eighteen months he was unlawfully confined and that the District Court credit the eighteen months against the prison sentence for the second conviction. The District Court granted the defendant's motion to dismiss, concluding that Williams's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Williams appealed. We have jurisdiction over his appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm if the appeal presents no substantial questions. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We agree with the District Court that William's claims are barred under Heck. In Heck, the Court held that a state prisoner's claim for damages is not cognizable under §

2

1983 if it calls into question the lawfulness of his conviction or confinement, unless he can demonstrate that the conviction or sentence has already been invalidated. Id. at 486-87. Williams does not allege that his sentence has already been invalidated, and to grant his requested relief—compensation for his confinement and credit for time-served applied to his new conviction—would necessarily imply the invalidity of the Parole Board's decision to revoke his parole. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (applying Heck to parole revocation decisions). Accordingly, he is precluded from attacking that decision through § 1983.

Because this appeal presents us with no substantial question, we will summarily affirm the judgment of the District Court. See 3rd Cir. LAR 27.4 and I.O.P. 10.6.