BLD-012                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1889
_____

ABRAHIM FATA,
                                    Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; COUNTY OF LEHIGH; JASON WILLS,
Supervisor, Lehigh Valley Pretrial Services, Inc.; GARRETT HALL, Lehigh County
Probation Office; KELSEY KREMPASKY, Lehigh County Probation Office; ROBERT
SLETVOLD, Lehigh County Public Defenders Office; JILL HERSCHMAN, Lehigh
County Clerk of Judicial Records; BRENDA I. SABASTRO, Lehigh County Court
Room Monitor
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:24-cv-04861)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 16, 2025
Before:  KRAUSE, MATEY, and BOVE, <u>Circuit Judges</u>

(Opinion filed: January 6, 2026)
_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

_____

PER CURIAM

Abrahim Fata appeals *pro se* and *in forma pauperis* from the District Court's order dismissing his complaint. We will affirm.

In June 2018, Fata pled guilty to one count of stalking under Pennsylvania law and was sentenced by the Court of Common Pleas of Lehigh County to 8-23 months' imprisonment followed by three years' probation. The court revoked his parole two years later and remanded him to the county jail to serve the balance of his sentence plus his original three-year probationary term. Fata was paroled from that revocation sentence in January 2021. He subsequently violated his probation when he pled guilty to resisting arrest, for which the revocation court sentenced him to 9-23 months' imprisonment in January 2024. The court has since repeatedly denied his requests for early or immediate release, and all of his attempts to overturn those unfavorable decisions on appeal have been unsuccessful.

Fata initiated this civil rights action in September 2024 by filing a complaint under, *inter alia*, 42 U.S.C. § 1983 against the Commonwealth of Pennsylvania, Lehigh County, and several county employees, including his probation officer and public defender. He contended that defendants collectively violated half-a-dozen constitutional provisions and scores of state and federal civil rights statutes by revoking his probation

2

and frustrating his efforts to obtain relief. For these injuries he sought monetary damages for himself and his children. The District Court screened Fata's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). The court dismissed the claims he brought on behalf of his children for lack of standing, and the remainder under the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Fata appeals.[1]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's *sua sponte* dismissal under Section 1915(e). See Dooley v. Wetzel, 957 F.3d 366, 373-74 (3d Cir. 2020). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Fata's appeal does not raise a substantial question. To the extent he appeals the dismissal of claims he brought on behalf of his children, we reiterate that he may not bring such claims because "he is not an attorney and cannot represent [his children] *pro se*." See *In re* Fata, C.A. No. 24-2033, 2025 WL 1121531, at *1 (3d Cir. Apr. 16, 2025) (*per curiam*) (citing Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991)). With respect to his challenge to the proceedings that resulted in the revocation of his probation and the denial of early or immediate release, we agree with the District

---

[1] Although Fata's Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e) and pursuant to Federal Rule of Civil Procedure 15(a)(B) is denied because those rules are not applicable to filings before this Court, in light of his pro se status, we have reviewed the Motion in its entirety and taken it into account in reaching the foregoing conclusions.

Court that his damages claims are barred by <u>Heck</u> because a judgment in his favor "would necessarily imply the invalidity of" his revocation sentence, which has not been overturned. <u>See Heck</u>, 512 U.S. at 487; <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005); <u>Williams v. Consovoy</u>, 453 F.3d 173, 177 (3d Cir. 2006) (applying <u>Heck</u>-bar to parole revocation proceedings).[2] Until his sentence is invalidated, Fata's only avenue to challenge his imprisonment in federal court is through a writ of habeas corpus. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Leamer v. Fauver</u>, 288 F.3d 532, 542 (3d Cir. 2002).

Accordingly, we will summarily affirm the District Court's judgment.

---

[2] Fata insists that his defamation claims are not barred by <u>Heck</u> because the statements at issue "can be proven false now." <u>See</u> C.A. Doc. 18 at pdf 40. The kind of defamation Fata alleges is the concern of state law and thus is not cognizable under Section 1983. <u>See</u> <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1468 (3d Cir. 1992) (citing <u>Rose v. Bartle</u>, 871 F.2d 331, 347 (3d Cir. 1989).