

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2009

# John Felgar v. Jeffrey Burkett

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4089

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"John Felgar v. Jeffrey Burkett" (2009). *2009 Decisions.* Paper 1304.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1304

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-180                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-4089

JOHN E. FELGAR

v.

JEFFREY D. BURKETT, Individually, and as District Attorney at Jefferson County;
TONYA S. GEIST, Individually, and as Prothonotary of Jefferson County;  JOHN DOE
#1, Sued in his individual capacity; LAVIETA LERCH, Sued Individually; LARRY
STRAITIFF, Individually, and as Chief Probation Officer at Jefferson County;
GREGORY BAZYLAK, Individually, and as Assistant District Attorney at Jefferson
County; JOHN ENGROS, Individually, and as Public Defender of Jefferson County;
FRED HUMMEL, Individually, and as Court Appointed Counsel at Jefferson County;
DANIEL OGDEN, Sued Individually; (FIRST NAME UNKNOWN) DUNKLE, Sued
Individually; JOHN DOE #2, Sued Individually;JOHN DOE #3, Sued Individually;
MARILYN BROOKS, Sued Individually; WILLIAM HARRISON, Sued Individually;
BETH MILLER KLAUK, Sued Individually; C. (FNU) GILL, Sued Individually;
PATRICIA THOMPSON, Sued Individually; JAMES NOON, Jr., Sued Individually;
MR. (FIRST NAMEUNKOWN) BRYANT, Sued Individually; MICHAEL CLARK,
Sued Individually; SHARON BURKS; WILLIAM BARR, Sued Individually; MS.
(FIRST NAME UNKNOWN) CARSON, Sued Individually; MS. (FIRST NAME
UNKNOWN) GAMBLE, Sued Individually; PATRICIA MCKISSOCK, Sued
Individually; JEFFREY BEARD, Sued Individually; WILLIAM STICKMAN, Sued
Individually; GERALD PAPPERT, Sued Individually; THOMAS W. CORBETT, Jr.,
Sued Individually; ROBERT ENGLESBURG, Sued Individually; ALEXANDER
MERICLI, Sued Individually; SUSAN J. FORNEY, Sued Individually; SHERIFF
THOMAS DEMCO; CHRISTOPHER SHAW; CARL GOTWALD; KIRK BRUND

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No.1-07-cv-00268)
District Judge:  Honorable Sean J. McLaughlin

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2) or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 7, 2009

Before: BARRY, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 27, 2009)

_____

OPINION
_____

PER CURIAM

Appellant, John E. Felgar, appeals from the District Court's order dismissing his complaint. For the following reasons, we will affirm.

I.

In 1997, Felgar pleaded guilty to charges in Jefferson County, Pennsylvania of aggravated assault and driving under the influence of alcohol. The trial court sentenced him to a term of 2-4 years' imprisonment, with a maximum sentence date of November 11, 2001. In June 2000, Felgar was released on parole.

The following year, while he was on parole, Felgar was arrested for physically assaulting his girlfriend and threatening to kill her. Because the arrest violated the terms of his parole, Felgar was returned to prison to serve out the remainder of his sentence. On November 11, 2001, when he reached the maximum sentence date for his 1997 offenses, Felgar was turned over to police on a detainer issued for the 2001 incident with his girlfriend. Felgar was then charged with simple assault, terroristic threats, and reckless

endangerment.

On August 22, 2002, Felgar appeared before Jefferson County Common Pleas Court Judge Foradora and entered into a negotiated plea agreement on these charges. Specifically, Felgar pleaded guilty to simple assault and terroristic threats, and the Commonwealth agreed to nolle pros the reckless endangerment charge. The parties agreed that Felgar would serve 6-24 months' imprisonment on the simple assault charge, but that he would be required to serve only five years' probation on the terroristic threats charge. After the hearing, Judge Foradora signed two orders to impose these sentences: one for the simple assault sentence, and one for the suspended sentence on the terroristic threats charge. It appears, however, that, due to a clerical error, the captions on both of the orders read "simple assault." Therefore, on August 26, 2002 Judge Foradora issued an "Order Correcting Written Sentence Order of August 22, 2002." As the District Court explained, this amended order only compounded the confusion; rather than correcting the caption of the order reflecting the suspended sentence for terroristic threats, the order changed the caption on the other order.[1] As a result, the charges on the sentencing orders were reversed. On August 29, 2002, Felgar began serving his sentence at the State

---

[1]According to Felgar, the amended order stated that, "the sentence order of August 22, 2002, incorrectly lists the charge of simple assault when it should be charged as terroristic threats. It is hereby Ordered that the written sentence Order of August 22, 2002, is corrected to list the charge as terroristic threats." (Am. Compl. ¶ 52.)

Correctional Institution at Pittsburgh, Pennsylvania.[2]

In November 2002, Felgar filed a petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541, et seq., in the Court of Common Pleas of Jefferson County alleging that his sentence was illegal because it failed to comply with the terms of Judge Foradora's orders. The court denied the petition, and the Superior Court affirmed.

Next, in July 2004, Felgar filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Pennsylvania raising several challenges to his sentence. The District Court denied the petition, and this Court denied his application for a certificate of appealability.

Felgar ultimately served the maximum 24-month term of imprisonment on the simple assault conviction, plus an additional twelve months of back time on the parole revocation sentence. Felgar was released from prison on October 10, 2005.[3]

II.

On October 5, 2007, Felgar filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Pennsylvania in which he essentially alleged that he is being unlawfully confined due to the confusion surrounding

---

[2]Meanwhile, the Pennsylvania Board of Probation and Parole determined that Felgar was a convicted parole violator, and ordered him to serve, as "back time" on his 1997 sentence, 12 of the months during which he had been released on parole.

[3]Felgar was later recommitted on unrelated charges. It is not clear whether he fully served the five-year term of probation on the terroristic threats charge.

his August 26, 2003 amended sentencing order.[4]  Felgar claims that he should have been released on probation immediately after his sentencing hearing because, "whether the label being simple assault or whether it being terroristic threats, the [August 26, 2002 amended order] specifically states that the sentence is suspended and The Defendant be placed on Probation for 5 (five) years."  (Am. Compl. ¶¶ 53-54.)  Felgar argues that the DOC Defendants have violated his Fifth, Eighth, and Fourteenth Amendment rights by refusing to release him "despite their knowledge of a court order suspending [his] sentence of incarceration and placing him on [five years'] probation." (Am. Compl. ¶ 101.)  Felgar also claimed that the AG Defendants had violated his Fifth, Eighth, and Fourteenth Amendment rights by attempting to conceal his wrongful commitment, and that various members of the Jefferson County District Attorney's office were negligent.[5] (Am. Compl. ¶¶ 80-81).  Felgar sought declaratory and injunctive relief as well as monetary damages.

Both the DOC and AG Defendants moved to dismiss the Amended Complaint. The matter was referred to a Magistrate Judge who recommended that the District Court dismiss the case for lack of subject matter jurisdiction.  The court agreed, and, by order entered September 15, 2008, dismissed the Amended Complaint on the ground that the

---

[4]Felgar filed an amended complaint on January 23, 2008.

[5]Felgar further alleged that the AG Defendants had conspired with state officers "to commit the torts of malice and negligence" by submitting fraudulent evidence in the habeas proceedings.  (Am. Compl. ¶¶ 102-03.)

matter was frivolous and failed to state a claim upon which relief could be granted.[6]  See

28 U.S.C. § 1915(e)(2)(B).  This appeal followed.[7]

III.

Upon review, we conclude that the District Court's dismissal of the Amended

Complaint for lack of subject matter jurisdiction was proper.[8]  It is well-settled that,

when, as in this case, a state prisoner is challenging the fact or duration of his

confinement, his sole federal remedy is a writ of habeas corpus, not a § 1983 action.

Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Williams v. Consovoy  453 F.3d 173,

177 (3d Cir. 2006).  In Heck v Humphrey, 512 U.S. 477 (1994), the Supreme Court held

that, when success in a § 1983 action would implicitly call into question the validity of a

conviction or the duration of a sentence, the plaintiff must achieve a favorable result

through available state or federal challenges to the underlying conviction or sentence

before he may proceed under § 1983.  Considering Heck and summarizing the interplay

between habeas and § 1983 claims, the Supreme Court recently explained that:

[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter

---

[6]As a result, the court then dismissed the DOC's and AG's motions as moot.  The District Court also dismissed Felgar's claims against unnamed defendant "John Doe # 1" because Felgar had failed to identify and serve this defendant within the requisite period, see Fed. R. Civ. P. 4(m), and because continued pursuit of Felgar's claims against the defendant would be frivolous.

[7]We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

[8]We may affirm the District Court's decision on an alternative basis supported by the record.  See Erie Telecomms. v. Erie, 853 F.2d 1084, 1089 (3d Cir. 1988).

the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Thus, the threshold inquiry in determining whether § 1983 is a proper vehicle for Felgar's complaint is whether success in this § 1983 action would "necessarily demonstrate" the invalidity of his sentence. We answer this question in the affirmative because success on Felgar's claims against the DOC and AG Defendants—i.e., a finding that the defendants violated his Fifth, Eighth, and Fourteenth Amendment rights by confining him in violation of the terms of Judge Foradora's August 26, 2002 amended sentencing order—would necessarily demonstrate the invalidity of his sentence. Accordingly, because the state sentence has not been overturned or otherwise rendered invalid, Felgar may not attack it via a § 1983 action, and the District Court's dismissal of his claims was proper.[9]

IV.

For the foregoing reasons, we conclude that the District Court's decision to dismiss the Amended Complaint was proper. Accordingly, as there is no substantial question presented by this appeal, we will summarily affirm. See Third Cir. LAR 27.4;

_____

[9]To the extent that Felgar alleged that certain defendants committed various torts against him, (Am. Compl. ¶¶ 95-103), the District Court did not err in declining to exercise supplemental jurisdiction over these state-law claims once it dismissed the § 1983 claims. See 28 U.S.C. § 1367(c)(3).

7

I.O.P. 10.6. Felgar's motion for appointment of counsel and his motion for sanctions are

denied.[10]

---

[10]After the Clerk informed Felgar that this appeal would be submitted to a panel for determination under 28 U.S.C. § 1915(e)(2) or for summary action under Third Circuit LAR 27.4 and I.O.P. 10.6., Felgar submitted a "Memorandum of Law" in support of his appeal. After several appellees responded to Felgar's submission, Felgar requested that the Court "order sanctions against [appellees'] counsel for the misleading statements in their [response] and to compensate [him] for cost of attorneys fees at $200.00 per hour for two hours of unnecessary litigation, and to cease from any further frivolous filings to the court." (Motion dated February 8, 2009 ¶ 13.) This motion is denied.