ALD-067                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3331
_____

DERRICK McKINNEY,
                                        Appellant

v.

PENNSYLVANIA BOARD OF PROBATION & PAROLE;
PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
CITY OF PHILADELPHIA COUNTY; CITY OF MONTGOMERY COUNTY;
CITY OF CUMBERLAND COUNTY; JOHN/JANE DOE(S)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-cv-03679)
District Judge:  Honorable Timothy J. Savage
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 16, 2010
Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Filed:   December 23, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Derrick McKinney, proceeding *pro se* and *in forma pauperis*, filed a complaint

pursuant to 42 U.S.C. § 1983 claiming that he had been imprisoned beyond the maximum

terms of his sentences for state convictions and a parole violation. He also alleged that some of the defendants violated his due process and other constitutional rights by incorrectly calculating his maximum sentence and by failing to conduct a parole revocation or parole hearing when they revoked his parole and continued to detain him. He sought declaratory relief and monetary damages against the defendants (although he did not request monetary relief from all the defendants).

Four of the five named defendants filed motions to dismiss the complaint. The District Court granted the motions and dismissed the complaint in its entirety. McKinney appeals.

We notified McKinney that we planned to consider his appeal for possible summary action. In response, McKinney retained counsel. Through his counsel, McKinney presents a motion to remand this matter to the District Court with leave to amend or re-file against the appropriate parties. He states that with the assistance of counsel, he will file his complaint against the appropriate parties and "cure any and all procedural defects that prevented [his] action from proceeding." Several of the defendants/appellees oppose McKinney's motion.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). On review, we will summarily affirm the District Court's judgment because no substantial issue is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6; see also Erie Telecomms. v. Erie, 853 F.2d 1084, 1089 (3d Cir. 1988) (holding that

2

we may affirm on an alternative basis supported by the record).

The District Court properly dismissed McKinney's complaint. McKinney's action is barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994), because success on his claims would necessarily imply the invalidity of the fact and the duration of his state confinement, which have not been elsewhere invalidated. Absent the prior invalidation of a state confinement, a § 1983 action for damages or equitable relief is unavailable if success in that action would imply the invalidity of the fact or duration of the confinement. See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (holding that where success in a § 1983 action would imply the invalidity of a decision to revoke parole that has not been otherwise rendered invalid, the action is Heck-barred); cf. Edwards v. Balisok, 520 U.S. 641, 646-48 (1997) (holding that a prisoner did not present a claim that was cognizable under 42 U.S.C. § 1983 when he sought a declaration that the procedures used by prison officials at his hearing to revoke good time credits violated his right to due process).

Despite dismissing what was nominally a *pro se* civil rights complaint in part on the defendants' motions and in part *sua sponte*, the District Court did not consider whether McKinney should have been afforded leave to amend. However, we conclude

3

the District Court committed no error because amendment would be futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002). Although McKinney argues on appeal that he could file his claims against the proper parties and correct procedural problems if he were permitted to remand, he simply cannot bring his habeas claims in a § 1983 action. Accordingly, we deny McKinney's motion to remand, and we will affirm the District Court's judgment.