BLD-292                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1144
_____

NABIL MIKHAIL,
                            Appellant

v.

JOLIE KAHN; DOROTHY PHILLIPS, DECEASED; ALAN
FELLHEIMER; HERBERT LUSTIG; MADDI JANE SOBEL;
ANTHONY PISA; PRESTON FINDLAY; CHIP MINTO;
SHEILA DUGAN; HON. ARTHUR TILSON, J.; HON.
EMANUEL BERTIN, J.; HON. RHONDA L. DANIELE, J.;
HON. CAROLYN T. CARLUCCIO, J.; HON. RICHARD P.
HAAZ, J.; HON. GARRETT D. PAGE, J.; HON. MARY
JANE BOWES, J.; HON. CHRISTINE L. DONOHUE, J.;
HON. JUDITH FERENCE OLSON, J.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 13-cv-05130)
District Judge: Honorable Gene E. K. Pratter
_____

Submitted for Possible Jurisdictional Defect Pursuant to 28 U.S.C. 1291
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 26, 2014

Before:  AMBRO, CHAGARES and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 9, 2014)
_____

OPINION
_____

PER CURIAM

Appellant Nabil Mikhail appeals from an order of the District Court granting the defendants' motions to dismiss his complaint. For the reasons that follow, we will summarily affirm.

Mikhail filed suit in the United States District Court for the Eastern District of Pennsylvania under 42 U.S.C. § 1983. The defendants included his wife, her attorneys, court-appointed custody evaluators, a reunification therapist, child visitation supervisors, an attorney for a nonprofit organization who provided an affidavit on child abduction and conditions in Egypt, and nine Pennsylvania judges. Invoking the District Court's federal question jurisdiction, 28 U.S.C. § 1331, Mikhail alleged that the defendants made false allegations of child abuse, and discriminated against him on the basis of race, gender and religion, in violation of his civil rights. The claims arose in connection with the handling by the defendants of a Protection From Abuse complaint by his wife, and the couple's divorce and custody proceedings. Among other allegations, Mikhail alleged that his wife, Jolie Kahn, bribed one of the custody evaluators, and that the state court ordered that he be prohibited from taking his child outside of Pennsylvania. Mikhail is a Coptic Christian and United States citizen, who hails originally from Egypt. Kahn and at least one of the defendants is Jewish. Mikhail also raised numerous state law claims, and he sought injunctive and declaratory relief and money damages. The defendants who were properly served moved to dismiss the complaint, Fed. R. Civ. Pro. 12(b)(6).

2

In an order entered on January 13, 2014, the District Court granted the motions and dismissed most of the claims with prejudice. Certain claims were dismissed without prejudice, although the District Court expressed doubt that an amendment to the complaint would prove fruitful. In a thorough opinion, the District Court determined that it lacked authority to afford Mikhail the relief he seeks.

Mikhail appeals. We have jurisdiction under 28 U.S.C. § 1291.[1] Our Clerk advised Mikhail that the appeal was subject to summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has submitted a brief, which was received for the Court's information. Appellee Preston A. Findlay submitted a motion for summary affirmance, which Mikhail has opposed.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The District Court had jurisdiction to address Mikhail's claim of a civil rights conspiracy, 28 U.S.C. § 1343(a).[2] However, the nine state court judges – Judges Arthur Tilson, Emanuel

---

[1] Because Mikhail has emphatically elected to stand on his complaint, that part of the order which dismisses some of his claims without prejudice to his right to amend is appealable. See Remick v. Manfredy, 238 F.3d 248, 254 (3d Cir. 2001).
[2] As amply explained by the District Court, subject matter jurisdiction is lacking to the extent that Mikhail sought review of the Protection From Abuse orders or sought declaratory relief relating to them. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010) (*Rooker-Feldman* doctrine bars suits in district court that are essentially appeals from state court judgments). The United States Supreme Court, and not a lower federal court, has jurisdiction to review a final state court judgment. See Parkview Associates Partnership v. City of Lebanon, 225 F.3d 321, 324 (3d Cir. 2000) (citing 28 U.S.C. § 1257). In addition, to the extent that the divorce and custody proceedings are ongoing and Mikhail sought relief relating to specific visitation or support determinations, including the orders prohibiting him from taking his daughter to visit her grandmother in Canada and requiring supervised

3

Bertin, Rhonda Danielle, Carolyn Carluccio, Richard P. Haaz, Garrett D. Page, Mary Jane Bowes, Christine L. Donahue, and Judith Ferance Olson – are immune from a civil rights suit for money damages. Mikhail's claims arise from the defendant judges' having issued orders –some of them adverse to him and some not – with the intent of carrying out Pennsylvania's Protection From Abuse statute, and its divorce, custody, and visitation laws. Judges are absolutely immunized from a civil rights suit for money damages arising from their judicial acts. Mireles v. Waco, 502 U.S. 9, 9 (1991) (*per curiam*); Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). The orders entered in the state court proceedings involving Mikhail may not serve as a basis for a civil action for damages. See id. The claims for injunctive relief also are barred because Mikhail did not allege that any judge violated a declaratory decree or that declaratory relief was not available in his case. 42 U.S.C. § 1983 ("[I]njunctive relief against judicial officers for acts or omissions taken in the officer's judicial capacity shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). Accordingly, dismissal of the complaint against the defendant judges, including dismissal of Mikhail's conclusory claims of conspiracy, was proper.

With respect to the remaining defendants, Mikhail alleged that they conspired to keep him from his minor child. They were motivated, he alleged, by discriminatory animus based on his gender, his Coptic Christian religion, and his Egyptian nationality.

---

visitation, the District Court properly abstained from interfering in the ongoing state proceedings. See Anthony v. Council, 316 F.3d 412, 420-21 (3d Cir. 2003) (*Younger* abstention appropriate where important state interests concerning child support are implicated).

In addition to Kahn and her attorneys, Phillips and Fellheimer, and Findlay, counsel for a nonprofit organization, the remaining defendants included Dr. Herbert Lustig and Maddi Jane Sobel, custody evaluators, Dr. Anthony Pisa, a reunification therapist, and Sheila Dugan and Chip Minto, Kids First visitation supervisors. We conclude that Dr. Lustig and evaluator Sobel are absolutely immunized from a civil rights suit for damages under the doctrine of quasi-judicial immunity. Mikhail's allegations show that Dr. Lustig and Sobel were state court-ordered custody evaluators. Individuals charged with the duty of carrying out facially valid court orders enjoy quasi-judicial absolute immunity from liability for damages in a suit challenging conduct prescribed by that order. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir. 2000). This immunity extends to evaluative functions when the evaluation is done, as it plainly was here, to assist the court in its decision-making process. See Williams v. Consovoy, 453 F.3d 173, 178-79 (3d Cir. 2006) (licensed psychologist who evaluated inmate for state parole board and presented his findings is absolutely immunized from suit for damages). Mikhail failed to allege any plausible facts to show that the actions taken by these custody evaluators were not an integral part of the judicial process. As with the judicial defendants, dismissal of the complaint, including dismissal of Mikhail's conclusory claims of conspiracy against these two defendants, was proper.

Defendants Jolie Kahn and her lawyers, Alan Fellheimer and Dorothy Phillips (now deceased), are not state actors and cannot be sued under 42 U.S.C. § 1983. West v. Atkins, 487 U.S. 42, 48 (1988) (to prevail on a section 1983 claim plaintiff must show not only the violation of a right secured by the Constitution and laws of the United States

5

but also that the alleged deprivation was committed by a person acting under color of state law). It is true that a private party will be deemed a state actor for purposes of section 1983 liability if he or she has engaged in joint activity with state actors, Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 941 (1982), but Mikhail failed to allege plausible facts sufficient to support a claim of joint activity, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred. D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992). See also Great Western Mining, 615 F.3d at 176 (following Twombly and Iqbal, the plaintiff must assert enough facts from which an agreement may be inferred).

Mikhail's allegations of a conspiracy were conclusory and insufficient to suggest that a conspiratorial agreement existed between these private actors and the other defendants. The District Court was thorough in its review of Mikhail's allegations of conspiracy and properly found them lacking. See Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator" with a state actor.). The record before us is insufficient to allow us to determine whether defendants Dr. Pisa, the reunification therapist, and Kids First visitation supervisors Sheila Dugan and Chip Minto are state actors. There is a suggestion that their participation in the custody proceedings was, as a general matter, court-ordered. In any event, the conspiracy allegations against them,

6

including that they conspired with Kahn to deprive Mikhail of access to his daughter, also are plainly inadequate to survive a Rule 12(b)(6) motion to dismiss. Great Western Mining, 615 F.3d at 176. See also Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 679.

Preston A. Findlay, an attorney for the Missing Children Division of The National Center for Missing and Exploited Children ("NCMEC"), provided an affidavit to Kahn's counsel regarding steps that parents can take to safeguard their children from abduction, and country specific information regarding Egypt. The affidavit noted that Egypt is not a Signatory to the Hague Convention on the Civil Aspects of International Child Abduction, and therefore it cannot be enforced in Egypt. The affidavit further cited the U.S. Department of State's Information Sheet for the proposition that removal of a child by the non-custodial parent to Egypt is not a crime in Egypt unless the child is subject to Egyptian court-ordered travel restrictions. The affidavit also discussed "red flag" indicators that a parent will abduct a child. Findlay's nonprofit organization receives funding from Congress.

Mikhail's complaint against Findlay is that the affidavit is racist and misleading, and that it contains falsehoods. Noting that Findlay likely was immune from suit under 18 U.S.C. § 2258D,[3] the District Court determined that, other than his insufficient conclusory allegations that Findlay conspired with Kahn and her attorneys in violation of

---

[3] Section 2258D provides that, except for intentional or reckless misconduct, "a civil claim or criminal charge against the National Center for Missing and Exploited Children, including any director, officer, employee, or agent of such center, arising from the performance of the CyberTipline responsibilities or functions of such center, as described in this section, section 2258A or 2258C of this title, or section 404 of the Missing Children's Assistance Act (42 U.S.C. 5773), or from the effort of such center to identify child victims may not be brought in any Federal or State court." 28 U.S.C. § 2258d(a).

7

his civil rights, Mikhail had not alleged any actionable wrongdoing on Findlay's part. We agree, and reiterate that Mikhail's allegations that Findlay's affidavit is racist and based on falsehoods lacks adequate support. Findlay's affidavit does not mention Mikhail or his child, and provides only general information about child abduction and Egypt's stance with respect to the Hague Convention, which Mikhail has not shown to be false or misleading.

Finally, as explained in detail by the District Court, section 242 of title 18 does not authorize private criminal prosecutions for alleged wrongdoings, and creates no private right of action. Accordingly, dismissal of Mikhail's claims in Counts I and II brought under section 242 was proper. In addition, the District Court properly declined to exercise supplemental jurisdiction over Mikhail's state law claims, 28 U.S.C. § 1367(c)(3).

For the foregoing reasons, we will summarily affirm the order of the District Court granting the defendants' motions to dismiss.[4] Appellee Findlay's motion for summary affirmance is granted.

---

[4] Because we affirm on the bases stated, we find it unnecessary to reach and address the several other bases noted by the District Court for dismissal of Mikhail's complaint. Cf. Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980) (We "are free" to affirm the judgment "on any basis which finds support in the record.").