**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1189
_____

REGINALD H. JOHNSON, SR.,
                                             Appellant

v.

FRANCIS C. MONDROSCH; CLARENCE THOMAS; KIMBERLY A. BARKLEY;
CLINTON C. CANADA; DIRECTOR, LUZERNE TREATMENT CENTER;
SUPERVISOR, LUZERNE TREATMENT CENTER; BOARD'S MEMBERS PBPP;
THE BOARD CHAIRMAN (PBPP)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-03461)
District Judge:  Honorable Stewart Dalzell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 7, 2014

Before: JORDAN, COWEN and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 8, 2014)
_____

OPINION
_____

PER CURIAM

Appellant Reginald Johnson appeals pro se from the District Court's order dismissing his civil rights complaint brought pursuant to 42 U.S.C. § 1983. For the reasons set forth below, we will affirm the judgment of the District Court.

Johnson, a Pennsylvania state parolee, filed this action against the members and Chairman of the Pennsylvania Board of Probation and Parole (PBPP), Kimberly Barkley, PBPP secretary, Johnson's parole supervisor, Francis C. Mondrosch, and Mondrosch's supervisor, Clinton C. Canada, as well as several employees of the Luzerne Treatment Center (LTC), a state-run inpatient drug and alcohol treatment center. All defendants were sued in their individual capacity. The complaint alleges that in April 2010, defendant Mondrosch, with the knowing approval of defendant Canada, falsified urine tests, resulting in Johnson's placement in LTC from April 19, 2010, until July 9, 2010.[1] Johnson further alleges that the Director and Supervisor at LTC violated his constitutional rights by refusing to allow him to see a parole agent while residing there. According to the complaint, defendant "Clarence T," a counselor at LTC, terminated Johnson from the program on July 9, 2010, because Johnson had sought to file a grievance. Allegedly as a result, the PBPP revoked his parole on October 1, 2010, without any process. Finally, Johnson asserts that defendant Mondrosch retaliated by

_____

[1] Johnson also asserts that on April 16, 2010, Defendant Mondrosch falsified a report indicating that Johnson had violated a curfew.

placing undue restrictions on him when he was re-paroled. Johnson seeks monetary and punitive damages against each defendant.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To survive dismissal, a complaint must "state a claim to relief that is plausible on its face" by including facts which "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

At the outset, we agree with the District Court that Johnson's claims which accrued prior to June 13, 2011[2], are time-barred. The applicable statute of limitations for a § 1983 action arising in Pennsylvania is two years. See 42 Pa. Cons. Stat. § 5524(1); Owens v. Okure, 488 U.S. 235, 249-50 (1985) (forum state's statute of limitations for personal injury actions applies to § 1983 actions). It is "the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Wallace v. Kato, 549 U.S. 384, 388 (2007) (citations omitted). As the District Court noted, Johnson's claims related to his placement in the LTC and subsequent parole revocation are akin to false imprisonment claims. See id. at 390 (false imprisonment claims accrue "when legal process was initiated against" the plaintiff). These claims, as well as the claims against defendant

---

[2] The District Court appropriately applied the "mailbox rule" in deeming the filing date of the complaint as June 13, 2013, the date Johnson signed his complaint. See Sulik v. Taney Cnty., 316 F.3d 813, 815 (8th Cir. 2003) (holding that the prison mailbox rule

3

Mondrosch for falsifying evidence and unlawfully searching his home, accrued more than two years before Johnson filed his complaint, and were therefore properly dismissed.

The District Court correctly concluded that Johnson's claims regarding his parole revocation were also barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Court held that a state prisoner's claim for damages is not cognizable under § 1983 if it calls into question the lawfulness of his conviction or confinement, unless he can demonstrate that the conviction or sentence has already been invalidated. Id. at 486-87. To grant Johnson's requested relief would necessarily invalidate the Parole Board's decision to revoke his parole. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (applying Heck to parole revocation decisions). Accordingly, he is precluded from attacking it through § 1983. The fact that Johnson was re-released on parole does not preclude the application of Heck. Id. at 177-78 (recognizing that Heck's favorable termination rule applies to all § 1983 plaintiffs, not just those in state custody).

Finally, Johnson alleged that, once he was re-paroled, defendant Mondrosch retaliated against him by imposing a 7:00 p.m. curfew, restricting his movements, and requiring him to get an 8-hour/day job. The District Court determined that these claims were subject to dismissal as they were more properly raised through habeas. It is clear that a person on parole remains "in custody" for purposes of habeas corpus. See Jones v.

applies to § 1983 complaints).

4

Cunningham, 371 U.S. 236, 243 (1963) (emphasizing the physical nature of the restraints on liberty that satisfy the custody requirement). Federal courts are divided, however, as to whether a state parolee may challenge a condition of parole via a § 1983 action. Compare Williams v. Wisconsin, 336 F.3d 576 (7th Cir. 2003), with Thornton v. Brown, 757 F.3d 834 (9th Cir. 2013). In Williams, the Seventh Circuit held that a parolee's claim for damages challenging the travel restrictions placed on him by the parole agent was not cognizable under § 1983. Williams, 336 F.3d at 579-80. The Court reasoned that parole restrictions "define the perimeters of [the] confinement" and, therefore, altering these restrictions alters the conditions of confinement. Id. at 580 (quotation marks and citation omitted). In Thornton, the Ninth Circuit allowed a civil rights action by a parolee challenging a residency restriction and the imposition of a GPS monitoring device. The Court distinguished between the plaintiff's status as a parolee, and the conditions of his parole, and because he challenged only the latter, which did not call into question the validity of his conviction or the length of his confinement, it was deemed cognizable in a civil rights action. Thornton, 757 F.3d at 842-43.

We have recognized that the question as to whether a parolee's claim should be raised in habeas or in a civil rights action is a "'metaphysical' one, because the 'conditions' of parole are the confinement." Doe v. Pa. Bd. of Probation & Parole, 513 F.3d 95, 99 n.3 (3d Cir. 2008) (citing Williams, 336 F.3d at 579). We need not decide whether Johnson's challenge sounds more in habeas, however, as we conclude that his

5

claims would fail whether brought under § 1983 or in a collateral attack. As a parolee, Johnson does not enjoy "the absolute liberty to which every citizen is entitled, but only [a] conditional liberty properly dependent on observance of special parole restrictions." Morrissey v. Brewer, 408 U.S. 471, 480 (1972). Restrictions to a particular community, job, or home, as well as restrictions on travel or movement, are standard conditions of parole. See id. at 478; see also Doe, 513 F.3d at 114 (citing Williams, 336 F.3d at 581 ("Like prisoners, . . . parolees . . . have no right to control where they live in the United States; the right to travel is extinguished for the entire balance of their sentences."). Johnson's allegations, therefore, fail to state a colorable claim for relief.

Based on the foregoing, we will affirm the judgment of the District Court.