ALD-210                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3276
_____

DION LEE MCBRIDE,
                    Appellant

v.

ROBERT O'BRIEN, of the Allegheny County
Adult Probation Services

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 14-cv-01129)
Magistrate Judge:  Honorable Lisa Pupo Lenihan

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 7, 2016
Before:  AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed:  April 13, 2016 )
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dion McBride, a Pennsylvania prisoner proceeding pro se, appeals from the District Court's order granting the defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we will summarily affirm.

While on probation from a state court conviction, McBride was arrested and charged with numerous theft and fraud charges. Consequently, on August 20, 2012, the Court of Common Pleas of Allegheny County issued a violation of probation detainer against McBride. McBride moved to have the detainer lifted, but those motions were unsuccessful.

In 2014, McBride filed a complaint, which he later amended, pursuant to 42 U.S.C. § 1983, alleging that his due process rights were violated in connection with the issuance of the detainer. He named as defendant Robert O'Brien, who was identified on the detainer as the Court Liaison Probation Officer. O'Brien filed a motion to dismiss the complaint. A Magistrate Judge, presiding on consent of the parties, 28 U.S.C. § 636(c)(1), held that McBride's federal claims were barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).[1] McBride appealed. O'Brien has filed a motion to summarily affirm.

---

[1] Alternatively, the Magistrate Judge held that O'Brien was entitled to Eleventh Amendment immunity to the extent that he was sued in his official capacity under § 1983, and that immunity under Pennsylvania's Political Subdivision Tort Claims Act (PSTCA), 42 Pa. Cons. Stat .Ann. §§ 8541-8564, protected him from a state law claim of false imprisonment. The Magistrate Judge also concluded that O'Brien had authority and jurisdiction to issue the detainer and that McBride's due process and Sixth Amendment rights were not violated.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Our review of the order granting O'Brien's motion to dismiss is de novo.  Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001).  We may affirm on any basis supported by the record.  Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

It is well-settled that when a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a § 1983 action.[2]  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Estelle v. Dorrough, 420 U.S. 534, 536 n.2 (1975) (recognizing that a person under a state detainer warrant is considered to be in custody for the purpose of federal habeas relief).  In Heck, the Supreme Court held that "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983, unless the conviction or sentence was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."  512 U.S. at 486-87; see also Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("whenever the challenge ultimately attacks the 'core of habeas' – the validity of the continued conviction or the fact or length of the sentence – a challenge, however denominated and regardless of the relief sought, must be

---

[2] We note that, in January 2013, McBride filed a habeas petition in the District Court, primarily arguing that he should be released from pretrial incarceration because the probation violation detainer was invalid.  The District Court dismissed the petition, holding that McBride was not entitled to relief because he had failed to exhaust his available state court remedies.  We denied a certificate of appealability.  McBride v. Pennsylvania, C.A. No. 13-3133 (order entered Sept. 23, 2013).

brought by way of a habeas corpus petition."). The Heck doctrine applies to probation revocations decisions. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006).

McBride seeks damages under § 1983 for his incarceration resulting from the issuance of a probation violation detainer. To the extent that McBride alleges that his confinement on the detainer violates federal law, a favorable outcome would necessarily demonstrate the invalidity of his detention. McBride has not successfully challenged the detainer in any state or federal proceeding. Therefore, because he may not proceed under § 1983, the District Court properly granted O'Brien's motion to dismiss.

McBride also raised a state law false imprisonment claim. We have held that "claims for . . . false imprisonment are not the type of claims contemplated by the Court in Heck which necessarily implicate the validity of a conviction or sentence." Montgomery v. De Simone, 159 F.3d 120, 126 n.5 (3d Cir. 1998). Nevertheless, dismissal of this claim was appropriate because O'Brien was immune under PSTCA for any alleged damages on account of acts he took within the scope of his duties. See Sanford v. Stiles, 456 F.3d 298, 315 (3d Cir. 2006) (holding that Pennsylvania's Political Subdivision Tort Claims Act generally gives municipal employees immunity from liability, so long as the act committed was within the scope of the employee's employment); Vargas v. City of Phila., 783 F.3d 962, 975 (3d Cir. 2015) (stating that the "PSTCA provides immunity to municipalities and its employees for official actions unless the employee's conduct goes beyond negligence and constitutes 'a crime, actual fraud, actual malice, or willful misconduct.'" (quoting 42 Pa. Cons. Stat. Ann. § 8550)). Moreover, McBride did not allege any conduct by O'Brien that would fall outside the

4

scope of immunity provided for in the PSTCA.  See Sanford, 456 F.3d at 315 (stating that "willful misconduct is a demanding level of fault").

For the foregoing reasons, we conclude that there is no substantial question presented by this appeal.  Accordingly, O'Brien's motion to summarily affirm is granted, and we will summarily affirm the District Court's dismissal of McBride's complaint.  See Third Cir. LAR 27.4; I.O.P. 10.6.