ALD-268                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4042
_____

BRIAN COOK,
                    Appellant

v.

DONALD HARKOM; DONALD TALLEY; MINDY LOU GRANLUND;
ANDREA WAKEFIELD; BONNIE STOGNIEF; CHRISTOPHER COMINSKY;
TERRY A. DOUGLAS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:15-cv-01940)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2016
Before:  AMBRO, SHWARTZ and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 6, 2016 )
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

State prisoner Brian Cook appeals pro se and in forma pauperis from the District Court's order dismissing, pursuant to 28 U.S.C. § 1915(e)(2), his amended civil rights complaint. Because we agree that the complaint fails to state a claim on which relief could be granted, and conclude further that the appeal lacks arguable merit, we will dismiss the appeal pursuant to § 1915(e)(2)(B)(i).

Cook filed a complaint that the District Court screened pursuant to the Prison Litigation Reform Act provisions codified at 28 U.S.C. § 1915(e)(2). The District Court dismissed the complaint for the failure to state a claim upon which relief could be granted, but with leave to file an amended complaint. Cook then filed an amended complaint, which the District Court dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and without leave to further amend. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In considering a dismissal pursuant to § 1915(e)(2), we apply the same de novo standard of review as with our review of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See, e.g., Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks omitted). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Because Cook proceeded pro se in the District Court, we construe his pleadings liberally. See Haines v. Kerner, 404 U.S.

519, 520 (1972). We may affirm on any ground that the record supports. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

We agree that the complaint fails to state a claim and that the District Court correctly dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2). Cook's complaint, which contends that the Commonwealth unlawfully extended his maximum sentence-expiration date, is not cognizable as a federal civil rights case because it is barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994). The success of Cook's claims would necessarily imply the invalidity of the fact or the duration of his state confinement, which have not been elsewhere invalidated. See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); cf. also Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (holding that where success in a § 1983 action would imply the invalidity of a decision to revoke parole that has not been otherwise rendered invalid, the action is Heck-barred).

We conclude further that Cook's appeal lacks arguable merit. In its first dismissal order, the District Court put Cook on notice that a federal civil rights suit was not the proper vehicle for challenging the fact or duration of confinement. See D. Ct. Doc. No. 8, at 9 (citing Preiser). Cook then filed an amended complaint that pressed a challenge to the duration of his sentence as a federal civil rights case, rather than pursuing state post-conviction remedies or, if appropriate, a federal petition for a writ of habeas corpus. In

3

his argument on appeal in opposition to dismissal or summary affirmance, Cook does not address <u>Heck v. Humphrey</u> or otherwise show how his complaint could be cognizable as a federal civil rights case.

For these reasons, we will dismiss the appeal. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i). Also, because the appeal lacks arguable merit, we deny Cook's motion for the appointment of counsel. <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155-56 (3d Cir. 1993).