**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1571
_____

MARK FIELDS,
a/k/a Tyquan Gardner,
a/k/a Tyquan Gibbs,

v.

SHEILA A. VENABLE; CYNTHIA BURCZYK; JENNY ORTEGA; YARI VARGAS;
DAVE VAZQUEZ; JOHN/JANE DOE; MARIO TABOADA; ANN RIVERS; JOSE
SALAMANCA; JOANN BELLINI; JOE HOWLEY; STEPHEN TISCHIO; IAN
DEHAVEN; DANIEL RICCARDO; JAMES T. PLOUSIS; CARLA M. SHABAZZ;
CRAIG W. SCHINDEWOLF, ESQ.; DOUGLAS WALLACE; RENI ERDOS;
NORMAN ROBERTSON; GARY M. LANIGAN; SGT. JONES; MS. FAIR;
JOHN/JANE DOE, Supervising/Collaborating/ive Physician; JOHN/JANE DOE,
Warden of the Central Reception Assignment Facility; JOHN/JANE DOE, Assistant
Administrator of the Central Reception Assignment Facility; LATASHA PARSON;
NILDA RODRIGUEZ, New Jersey Day Reporting Program Director;
METROPOLITAN FAMILY HEALTH NETWORK, State Correctional
Staff/Physician/Therapist

Mark Fields,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-13-cv-07134)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 12, 2016

Before: FISHER, RESTREPO and SCIRICA, Circuit Judges
(Opinion filed December 27, 2016)

———————

OPINION[*]

———————

PER CURIAM

Pro se appellant Mark Fields ("Fields") appeals from a final order of the United States District Court for the District of New Jersey. We will affirm the District Court's dismissal of Fields' complaint pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B).

On October 6, 2006, Fields was sentenced by the Honorable Sheila Venable in the Superior Court of New Jersey to a term of confinement of nine years. On January 9, 2011, he was released to a mandatory five-year period of supervision. During that time, Fields repeatedly tested positive for controlled substances. As a result, a parole officer issued a warrant, and Fields was arrested for violating the terms of his supervision. Upon arrest, an empty glassine envelope was found on Fields, and he admitted to using heroin. Following two hearings at which he was represented by counsel, Hearing Officer Carla Shabazz recommended that Fields' term of mandatory supervision be revoked. The Parole Board accepted Officer Shabazz's recommendation and revoked Fields' period of mandatory supervision and ordered Fields to serve a parole ineligibility term of 12 months. Fields' administrative appeal was denied.

Fields filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging various constitutional violations by the defendants arising out of the revocation of his mandatory

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

supervision. On February 5, 2016, the District Court dismissed with prejudice the claims against the judicial defendant and the parole officers who conducted Fields' revocation hearing and review, concluding that each defendant was immune from suit. The District Court dismissed without prejudice to amendment the remainder of Fields' claims for failure to state a claim upon which relief may be granted. The District Court dismissed as moot Fields' motions for a psychiatric evaluation and for a spoliation sanction.[1] Finally, the District Court permitted Fields to move for leave to file a second amended complaint. On March 7, 2016, without filing any sort of amendment, Fields filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291.[2] Our review of the District Court's dismissal of Fields' complaint is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See Allah, 229 F.3d at 223. To

---

[1] Although Fields does not challenge the District Court's dismissal of his motion requesting a psychiatric evaluation as moot, we note that the federal district courts have a duty of inquiry to determine whether there is verifiable evidence of the incompetence of a pro se litigant. Powell v. Symons, 680 F.3d 301, 307 (3d Cir. 2012). Fields' motion asked for a psychological evaluation with regards to his claim of infliction of emotional distress. The motion did not contain any reason to believe that Fields was incompetent. Additionally, Fields does not present any argument on appeal regarding his motion for a spoliation sanction.

[2] "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976). Such an order becomes final and appealable, though, if the plaintiff declares his intention to "stand on the complaint." Id. at 952. Because Fields clearly indicated in his notice of appeal that he was electing to stand on his complaint, we have appellate jurisdiction.

state a legally sufficient claim for relief, a plaintiff need only plead enough factual content, taken as true, to support "the reasonable inference that the defendant is liable for the misconduct alleged." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

First, Fields claims that the District Court erred in failing to screen his original complaint pursuant to 28 U.S.C. § 1915A. On May 7, 2015, the District Court granted Fields' application to proceed in forma pauperis, and his complaint was deemed filed. At that time, the District Court indicated that it had begun its sua sponte screening of the complaint pursuant to Section 1915A; however, before the District Court completed its review, Fields filed a premature notice of appeal and, thereafter, an amended complaint.[3] Fields' appeal was dismissed for failure to prosecute and, shortly after that, the District Court dismissed Fields' amended complaint pursuant to Sections 1915A and 1915(e)(2)(B). Accordingly, the District Court's inability to complete its screening of the original complaint was attributable to Fields' act of filing an amended complaint. The District Court did, however, fulfill its duty to screen the amended complaint. Moreover, Fields has alleged no harm resulting from the District Court screening only his amended complaint, and we perceive none.

---

[3] Fields also contends that the District Court erred in construing his request for a jury demand as a motion to amend his complaint. Fields' motion was vague and unclear; however, he did attach an amended complaint to the motion. Rule 15 does not prescribe any particular technical method of amendment, and pro se pleadings are to be construed liberally. The District Court's interpretation of Fields' motion as a motion to amend his complaint was a reasonable reading of the filing, and the District Court did not abuse its discretion in so ruling.

Fields next argues that his constitutional rights were violated because he was incarcerated before, during, and after his revocation proceedings. He alleges that his incarceration was unconstitutional because his arrest was illegal and he was denied due process at his revocation hearings. Applying the rule in Heck v. Humphrey, 512 U.S. 477 (1994), we have held that § 1983 actions that, if successful, would necessarily demonstrate the invalidity of a parole board's decision (regarding the length or revocation of parole) are not cognizable unless and until the board's decision has been invalidated. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006). We take his specific allegations in turn.

First, Fields' claim that his incarceration was unconstitutional because the defendants made erroneous factual findings is barred under Heck. If, as Fields argued, the defendants made erroneous factual findings, the revocation of his mandatory supervision would be invalid. Success on his this claim would necessarily invalidate the parole board's decision, which has not otherwise been invalidated.[4] See id.

Fields also claimed that his Fourth Amendment rights were violated by an improperly issued arrest warrant and an illegal search upon his arrest. Upon his arrest by warrant, Fields was found to have an empty glassine envelope and he admitted to using

_____

[4] Fields filed a habeas corpus petition challenging his revocation proceedings. The petition was dismissed as moot as Fields had been released from custody. We denied his request for a certificate of appealability. Fields v. Venable, No. 16-2817 (order entered on September 20, 2016). Heck's favorable termination requirement applies even when there is no further possibility of a successful habeas petition. See Williams v. Consovoy, 453 F.3d 173, 177-78 (3d Cir. 2006).

the heroin that had been contained in the envelope. Under the circumstances of this case, if the warrant, envelope, and statement were suppressed, the invalidity of his revocation would necessarily be implied. Heck, 512 U.S. at 487 n.7. Accordingly, because the Parole Board's decision in Fields' case has not been invalidated by an appropriate tribunal, Fields may not attack it in a § 1983 action.[5]

Fields also argued that his incarceration was unconstitutional because the defendants conspired to revoke his mandatory supervision without notice or a hearing. To the extent that Fields challenges the process of the revocation proceedings, this presents a closer call, as some due process claims do not imply the invalidity of a revocation. See Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (explaining that claims directed at certain state procedures used to determine parole eligibility were not Heck-barred because "success" for the plaintiffs meant, at most, a new parole hearing). We doubt that Fields' claims fall within the ambit of Wilkinson. In any event, Fields' due process claims are not viable. See Hildebrand v. Allegheny Cnty., 757 F.3d 99, 104 (3d Cir. 2014) (noting that we may affirm on any ground apparent in the record).

At a minimum, due process requires that there be: (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to

---

[5] This claim is also barred because Fields has not alleged that his arrest caused him an injury other than "the 'injury' of being convicted and imprisoned." Heck, 512 U.S. at 487 n.7.

6

confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. Morrissey v. Brewer, 408 U.S. 471, 485-488 (1972). Fields claimed that he was not provided with notice and that he did not have a hearing; however, the exhibits attached to his complaint as well as his arguments put forth elsewhere in his complaint undermine these allegations. See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (noting that documents attached to a complaint may be considered on Fed. R. Civ. P. 12(b)(6) review). To the contrary, they demonstrate that he received constitutionally sufficient notice (over a week prior to the hearing, enough time to permit both Fields and his attorney to be present at the hearing). Accordingly, Fields' complaint failed to plausibly state a claim that the hearing violated the minimum requirements for due process set forth in Morrissey. See Iqbal, 556 U.S. at 678.

In his final allegation of error on appeal, Fields contends that the District Court erred in denying his motion to appoint counsel prior to deeming his complaint to be filed. We review a district court's decision declining to appoint counsel for abuse of discretion. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). In deciding whether to make an appointment, the court must determine, as a threshold matter, if the claim has arguable merit in fact and law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). If this threshold is met, the court considers a number of additional factors. See id. at 156. As discussed supra, Fields failed to state a claim for relief under the Fourth, Fifth, Eighth, and Fourteenth Amendments. For substantially the same reasons given by the

District Court, Fields' remaining claims, which he did not renew on appeal, also lacked merit.

For the foregoing reasons, we will affirm the judgment of the District Court.