**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3014
_____

CHARLES R. GETZ, JR.,
                                        Appellant

v.

STATE OF DELAWARE BOARD OF PAROLE; DAVID HENDERSON;
JESSICA VOROUS; CHRISTOPHER HINTON

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-22-cv-01536)
District Judge:  Honorable Maryellen Noreika

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 6, 2024

Before: KRAUSE, MATEY, and CHUNG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 18, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Charles R. Getz, Jr. appeals from a final order of the District Court dismissing his complaint pursuant to 28 U.S.C. § 1915A and denying his motion for reconsideration. For the following reasons, we will affirm the District Court's orders.

## I.

In 1989, Getz was convicted after a jury trial in the Superior Court of Delaware of the first degree-rape of his 11-year-old daughter and sentenced to life imprisonment with eligibility for parole after twenty years. His conviction was affirmed on direct appeal, and his efforts to obtain post-conviction relief were similarly unsuccessful. In 1997, Getz filed a habeas petition pursuant to 28 U.S.C § 2254, which was denied by the District Court. We declined to grant him a certificate of appealability. See C.A. No. 99-5200. Getz subsequently filed multiple applications to file second or successive habeas petitions pursuant to 28 U.S.C. § 2244(b)(2)(A), which were denied, see C.A. Nos. 12-3788 & 14-3977, as well as a petition for writ of mandamus, which was also denied, see C.A. No. 19-2036.

In October 2021, Getz was granted parole, subject to certain conditions that were not statutorily enacted at the time of Getz's conviction. In November 2021, in Delaware state court, Getz filed a motion for redesignation of his sex offender tier level or to be relieved from the sex offender registry, which was ultimately denied. In January 2022, Getz was arrested for violating the terms of his supervision, which resulted in the revocation of his parole.

2

In November 2022, Getz filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Delaware, alleging various constitutional violations arising out of the imposition of certain parole conditions, the revocation of his parole, and the Delaware Supreme Court's July 2022 judgment regarding his motion for redesignation of his parole level. Specifically, he alleges that his designation as a sex offender and the various conditions of his release violate his rights under the Ex Post Facto Clause and his rights to due process and equal protection, and constitute an illegal sentence enhancement. Getz also alleges retaliation; violation of separation of powers; violation of the supremacy clause; that dismissal from mandatory treatment group constituted a violation of his Fifth, Ninth, and Fourteenth Amendment rights; due process violations during his parole proceedings; as well as other allegations. Getz's complaint seeks declaratory relief, specifically, "that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States . . . ." Getz's Complaint, Dkt No. 1, at 30–32. He additionally seeks a preliminary and permanent injunction barring the imposition of any sanction or parole condition (including sex offender registration) that did not exist at the time of his charged offense, and barring the state from enacting any law that would allow the executive branch to impose a sentence or punishment in a criminal proceeding. He also seeks compensatory and punitive damages.

On June 6, 2023, the District Court dismissed the complaint without prejudice pursuant to § 1915A(b)(1).[1] Getz then filed a timely motion for reconsideration, arguing that the District Court erred, primarily by sua sponte dismissing the complaint and by failing to identify the deficiencies in the complaint. On October 23, 2023, the District Court denied his motion for reconsideration, concluding that he had failed to set forth any grounds for reconsideration, including an intervening change in controlling law, new evidence, or clear errors of law or fact.[2] Getz appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review a district court's dismissal of a prisoner's complaint at the § 1915A screening stage under a plenary standard." Durham v. Kelley, 82 F.4th 217, 223 (3d Cir. 2023). We review the denial of a motion for reconsideration for abuse of discretion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

## III.

We agree with the District Court's resolution of Getz's claims. In Heck v. Humphrey, the Supreme Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if it implies the invalidity of his conviction or

---

[1] The District Court did not, however, indicate whether it found that the complaint was frivolous or whether it failed to state a claim upon which relief may be granted. In its order, the District Court also denied Getz's other pending motions, including requests for summary judgment, for a default judgment, and for judgment on the pleadings, as moot.

[2] Defendants submitted limited objections to Getz's motion for a default judgment and motion for reconsideration, while also noting that they had not been properly served and therefore were not proper parties to the action.

confinement, unless he can demonstrate that the conviction or sentence has already been invalidated. 512 U.S. 477, 486–87 (1994). We have extended the rule in Heck to parole decisions and revocations. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006).

Here, Getz's claims challenge the various parole conditions imposed on him when he was granted parole, and the subsequent parole revocation based on his violation of those conditions. Because his claims seek nullification of the Parole Board's decisions as to the conditions and revocation of his parole, success on these claims would necessarily demonstrate the invalidity of those decisions. Since Getz has not alleged that those decisions have been invalidated, his claims are barred by Heck and the District Court did not err in dismissing his complaint under § 1915A(b)(1).[3]

IV.

Finally, we agree with the District Court's decision to deny Getz's motion for reconsideration. A motion for reconsideration may be used "to correct manifest errors of law or fact or present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quotation marks omitted). The District Court correctly concluded that Getz failed to present any errors of law or fact, or to introduce newly

---

[3] On appeal, Getz argues that the District Court erred by screening his complaint pursuant to § 1915A since he is not an in forma pauperis litigant. Getz is incorrect. The District Court properly screened the complaint pursuant to the screening mechanism for pro se prisoner complaints found in § 1915A, which requires courts to screen prisoner complaints for possible dismissal "before docketing, if feasible or, in any event, as soon as practicable after docketing." § 1915A(a). This statute authorizes pre-service screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Id.

5

discovered evidence or precedent.  See Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

V.

Accordingly, we will affirm the judgment of the District Court.